UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.   CASE NO. 6:01-cr-088-Orl-19KRS

DARRELL WILLIAMS,

    Defendant.

### ORDER

This case involves a motion for reduction of sentence pursuant to Title 3582(c)(2) filed by Darrell Williams (Doc. No. 235).

*Procedural History*

Defendant was charged by information (Doc. No. 68) with bank fraud (count one), money laundering (count two), and possession with intent to distribute 500 grams or more of cocaine hydrochloride (count three). Defendant entered a written plea agreement (Doc. No. 76) in which he agreed to enter a plea of guilty to all three counts. The plea was accepted, and Defendant was subsequently sentenced to concurrent 135 month terms of imprisonment on each count followed by a four year term of supervised release. *See* Doc. No. 111. Defendant did not file a direct appeal of his convictions or sentences.

Defendant filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 53).[1] By order dated February 27, 2004, the motion was denied, and

---

[1] The related civil case was 6:02-cv-1097-Orl-28KRS.

the case was dismissed with prejudice (Doc. No. 154). The Eleventh Circuit Court of Appeals entered a written, published opinion affirming the dismissal. *See* Doc. No. 187.

Defendant subsequently filed an application with the Eleventh Circuit Court of Appeals seeking authorization to file a second or successive § 2255 motion. Defendant sought to raise two related grounds: (1) a violation of his Fifth and Sixth Amendment rights due to sentencing enhancements allegedly imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005); and (2) "structural error" because the trial court deprived him of a jury determination of the facts supporting his sentence and imposed enhancements that were not proven to the jury beyond a reasonable doubt. The appellate court denied the application because Defendant had not met all the statutory criteria outlined in 28 U.S.C. § 2244(b)(2). *See* Doc. No. 198.

*Discussion*

Defendant seeks to modify his term of imprisonment based on the United States Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738, 746 (2005). Defendant contends that the *Booker* decision lowered the Sentencing Guidelines; therefore, this Court has discretion to reduce his sentence. He further argues he received ineffective assistance of counsel during the plea and sentencing process.

Section 3582(c)(2) provides as follows:

> **(c) Modification of an imposed term of imprisonment.--**The court may not modify a term of imprisonment once it has been imposed except that--
> . . .
>> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently

> been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

To the extent that Defendant raises a constitutional challenge based on the *Booker* decision or ineffective assistance of counsel, § 3582 provides him no relief.[2] Constitutional challenges are more appropriately raised in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

However, before Defendant will be permitted to file a second or successive section 2255 motion in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. §§ 2244 and 2255.[3] Defendant should be aware that § 2255 limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive section 2255 motion. Furthermore, 28 U.S.C. § 2255 also imposes a time limitation on the filing of a section 2255 motion.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

---

[2] Furthermore, the Eleventh Circuit Court of Appeals has specifically determined that the *Booker* decision does not apply retroactively to cases on collateral review. *Varela v. United States*, 400 F.3d 864 (11th Cir. 2005) ("[W]e conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").

[3] The Court notes that the appellate court has already denied Defendant's request to file a second or successive § 2255 motion regarding substantially the same claims set forth in the instant motion.

Defendant's motion for reduction of sentence pursuant to Title 3582(c)(2) (Doc. No. 235) is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this _3rd____ day of January, 2007.

```
_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT
```

Copies to:
sa 1/3
Darrell Williams
Counsel of Record