**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

v.                                             **Case No. 6:01-cr-88-Orl-19KRS**

**DARRELL WILLIAMS**
_____

**ORDER**

This Case comes before the Court on the Motion Requesting the Court to Recuse Itself From [Petitioner's] case under [28] U.S.C. Section 455(a), filed by Darrell Williams on January 12, 2007. (Doc. No. 237).

**Background**

On December 15, 2000, Petitioner Darrell Williams, along with his brother David Williams and several other co-defendants, were arrested and charged in a Criminal Complaint. (Doc. No. 1). Subsequently, Petitioner waived the requirement of an Indictment. (Doc. No. 51). The Government then charged each Defendant by way of an Information with bank fraud in violation of Title 18 U.S.C. § 1344, and charged Darrell Williams with money laundering in violation of Title 18 U.S.C. § 1956 and with possession with the intent to distribute cocaine hydrochloride in violation of Title 21 U.S.C. § 841. (Doc. No. 68). In conjunction with these arrests, the Government seized several items of property which were explicitly forfeited subsequent to Petitioner's plea agreement with the Government. (*See* Doc. No. 76).

On February 10, 2006, the United States District Court Judge assigned to Petitioner's criminal case entered an Order of Recusal. (Doc. No. 210). As grounds for recusal, the Order noted that Petitioner's brother, David Williams, had filed liens against the Judge and the prosecutor and that Petitioner had assisted in the preparation of a UCC financing statement which David Williams had recorded. (*See id.* at pp. 1-2). As a result of the Order of Recusal, the case was subsequently reassigned to the undersigned Judge.

On April 18 and 19 of 2006, the Court held an evidentiary hearing pursuant to several motions filed by Petitioner's co-defendants seeking the return of seized property in the instant case. (*See* Doc. Nos. 191-194, 204, 223-224). In conjunction with the evidence presented at such hearing, Petitioner admitted to committing perjury at his plea proceedings. (*See, e.g.,* Doc. No. 228, p. 22; Doc. No. 237, p. 2). For this reason, among others, the Court found Petitioner's testimony at the evidentiary hearing not to be credible. (*See* Doc. No. 228, pp. 22, 23).

Petitioner now files a Motion requesting that the Court recuse itself from his case pursuant to 28 United States Code Section 455(a).[1] Petitioner argues that because of his admission that he did not tell the truth during his plea proceedings, and the Court's subsequent finding that his testimony at the evidentiary hearing was not credible, it would be in the interest of fairness for the Court to recuse itself from further proceedings in the case at bar. As a further basis for recusal, Petitioner argues that because the undersigned Judge is the same Judge who presides over David Williams' case, and the Court knows of David

---

[1] The statute is incorrectly identified in the caption of Petitioner's motion as "29 U.S.C. § 455(a)."

Williams' attempt to file liens against Government employees, Petitioner cannot receive fair treatment from the Court.  (*See* Doc. No. 237, p. 2).

## Standard of Review

Title 28, United States Code Section 455(a) requires that a Judge recuse herself when there is an appearance of impropriety. *See id.* § 455(a); *U.S. v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). Section 455(a) provides, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." *Id*. "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 865 (1988).  Therefore, the standard of review for a § 455(a) motion "is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988).  The United States Court of Appeals for the Eleventh Circuit has instructed that any doubts about a Judge's impartiality must be resolved in favor of recusal.  *See Patti,* 337 F.3d at 1321; *United States v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989).

## Analysis

The Court finds that no fully informed, objective, and disinterested lay observer could entertain a significant doubt about the undersigned Judge's impartiality in the instant case. Furthermore, Petitioner's Motion fails to state a valid ground for recusal. Petitioner argues that the Court's finding that he was not a credible witness in an earlier hearing and

the Court's knowledge of the prior Judge's grounds for recusal demonstrate the appearance of partiality in the instant case. Both of these arguments have repeatedly been held insufficient. First, adverse rulings by the Court against Petitioner are not grounds for recusal. *See, e.g., Liteky v. U.S.*, 510 U.S. 540, 555 (1994) (adverse rulings are grounds for appeal, not recusal); *Rivera v. Rivera*, 216 F.R.D. 655, 657 (D. Kan. 2003) (adverse rulings do not in and of themselves support recusal). In addition, opinions formed by a judge on the basis of evidence introduced or events occurring during current or prior proceedings are seldom grounds for a judge to recuse herself from a case. *See, e.g., Liteky*, 510 U.S. at 555; *U.S. v. Kimball*, 73 F.3d 269, 273 (10th Cir. 1995); *Rivera*, 216 F.R.D. at 658. As the Eleventh Circuit has explained:

> The alleged bias 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.' Thus, a motion for disqualification may not ordinarily be based on the judge's rulings in the same case. An exception to the general rule that the bias must stem from an extrajudicial source exists where 'such pervasive bias and prejudice is shown by otherwise judicial conduct as would constitute bias against a party.'

*U.S. v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985) (internal citations omitted).

In the instant case, Petitioner has not demonstrated any personal bias. The undersigned Judge learned of Petitioner and David Williams' conduct as presiding judge, and no actions taken in the instant case raise an inference of personal bias or reflect "such a high degree of favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Thus, the Court will deny Petitioner's motion.

## Conclusion

Based on the foregoing, the Motion Requesting the Court to Recuse Itself From

[Petitioner's] case under [28] U.S.C. Section 455(a), filed by Darrell Williams on January 12, 2007, (Doc. No. 237), is **DENIED**.

**DONE** and **ORDERED** in Chambers in Orlando, Florida this 17th  day of January, 2007.

*Patricia C. Fawsett*
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record

Unrepresented Party