UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      CASE NO. 6:01-cr-88-Orl-19KRS

DARRELL WILLIAMS,

    Defendant.

_____

**ORDER**

This case is before the Court on Defendant's Motion for Writ of Coram Nobis pursuant to 28 U.S.C. § 1651(a). (Doc. No. 250, filed Feb. 28, 2008.)

**I.    Procedural History**

On June 13, 2001, Defendant was charged by information (Doc. No. 68, filed June 13, 2001) with bank fraud (count one), money laundering (count two), and possession with intent to distribute 500 grams or more of cocaine hydrochloride (count three). Defendant entered into a written plea agreement (Doc. No. 76, filed June 13, 2001) in which he agreed to enter a plea of guilty to all counts and waive his right to appeal his sentence, directly or collaterally. The plea was accepted, and Defendant was subsequently sentenced to concurrent 135-month terms of imprisonment on each count, followed by a four-year term of supervised release. *See* Doc. No. 111, filed Sept. 27, 2001. Defendant did not file a direct appeal of his convictions or sentences.

On September 23, 2002, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 128.)[1] Defendant argued three claims in his motion: two claims that he received ineffective assistance of counsel and one claim that the district court lacked jurisdiction to forfeit his property because it was not part of his sentence and was not included in the judgment. *See* Doc. No. 154, filed Feb. 27, 2004. The Court denied Defendant's motion finding that Defendant knowingly, intelligently, and voluntarily entered his guilty plea and waived his right to pursue collateral relief. *Id.* at 6.

Defendant appealed the denial of his motion, and the Eleventh Circuit Court of Appeals granted Defendant's request for a certificate of appealability on the issue of whether the appeal waiver prevented him from contesting his counsel's effectiveness at sentencing. (Doc. No. 162, filed June 14, 2004.) In a written, published opinion, the Eleventh Circuit affirmed the district court's decision holding that the "valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to [Defendant's] plea agreement, precluded [him] from attempting to attack, in a collateral proceeding, [his] sentence through a claim of ineffective assistance of counsel during sentencing." (Doc. No. 187 at 2, filed May 5, 2005.)

On March 21, 2005, Defendant filed a Motion for Specific Performance (Doc. No. 176), requesting the Court to compel the Government to file a substantial assistance motion on his behalf. In the motion, Defendant argued that his guilty plea was involuntary and unknowing because he relied on the Government's promise that he would receive a

---

[1] The related civil case was 6:02-cv-1097-Orl-28KRS.

substantial assistance motion which the Government did not file. The Court denied Defendant's motion. (Doc. No. 179, filed April 5, 2005.)

Subsequently, Defendant filed an application with the Eleventh Circuit Court of Appeals seeking authorization to file a second or successive § 2255 motion. Defendant sought to raise two related grounds: (1) a violation of his Fifth and Sixth Amendment rights due to sentencing enhancements allegedly imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005); and (2) "structural error" because the trial court deprived him of a jury determination of the facts supporting his sentence and imposed enhancements that were not proven to the jury beyond a reasonable doubt. (Doc. No. 198, filed Jan. 10, 2006.) The appellate court denied the application because Defendant had not met all the statutory criteria outlined in § 2244(b)(2). *Id*. at 2.

On December 26, 2006, Defendant filed a motion to modify his sentence based on the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). (Doc. No. 235, filed Dec. 26, 2006.) The Court denied Defendant's motion, determining that he was attempting to raise a constitutional challenge for which § 3582 provided him no relief and his claims would be more appropriately raised in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 236, filed Jan. 3, 2007.) Defendant was further advised that he would first have to obtain the permission of the appellate court before filing a second or successive motion. *Id*. However, the Court noted that the Eleventh Circuit Court of Appeals had specifically determined that *Booker* does not apply retroactively to cases on collateral review and the appellate court had already denied

Defendant's request to file a second or successive § 2255 motion regarding substantially the same claims. *Id.* at 3.

Defendant has filed the current Motion for Writ of Coram Nobis asserting that (1) his appeal waiver should not be enforced because the government breached its plea agreement, (2) his counsel was ineffective, (3) he is entitled to a reduction in his sentence pursuant to Amendment 709 of the United States Sentencing Guidelines, and (4) his sentence violated the United States Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 147 (2000).

## II.     Writ of Coram Nobis

Although coram nobis has been abolished in federal civil practice, *see* Fed. R. Civ. P. 60(b), the writ remains available in certain criminal cases. *United States v. Morgan*, 346 U.S. 502 (1954). Federal courts are empowered to grant writs of coram nobis by the "All Writs" statute. *See* 28 U.S.C. § 1651. The statute provides that all federal courts may issue all writs necessary or appropriate in aid of their jurisdiction and agreeable to the usages and principles of law. 28 U.S.C. § 1651(a). In federal practice, a petition for writ of coram nobis differs both from a petition for writ of habeas corpus and from motions under 28 U.S.C. § 2255 because it is available to a defendant after he has served his sentence. *See United States v. Morgan*, 346 U.S. 502, 512-13 (1954); *see also United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002); *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999).

The writ of coram nobis is an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice. *United States v. Mills*, 221

F.3d 1201, 1203 (11th Cir. 2000). It is available to "correct errors 'of the most fundamental character' occurring when a court's criminal judgment is based on an error of fact." *Morgan*, 346 U.S. at 512. Courts may consider coram nobis petitions only when no other remedy is available and the defendant presents sound reasons for failing to seek relief earlier. *Mills*, 221 F.3d at 1203; *see also Morgan*, 346 U.S. at 512. "Coram nobis relief is therefore 'limited to cases in which no statutory remedy is available or adequate.'" *United States v. Chaff*, No. 06-14402, 2008 WL 656246, *1 (11th Cir. March 12, 2008) (quoting *United States v. Brown*, 117 F.3d 471, 474-75 (11th Cir. 1997)). The Supreme Court has observed that it is "difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 419 (1996).

**III.   Discussion**

Coram nobis lies only when the defendant has completed his sentence and is no longer in federal custody. *See Peter*, 310 F.3d at 712. "Because federal prisoners may make use of the statutory remedy of 28 U.S.C. § 2255, coram nobis is unavailable to them." *Chaff*, 2008 WL 656246 at *1 (citing *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999)). The Eleventh Circuit recently stated that a petition for writ of error coram nobis will be construed as a § 2255 petition when the Defendant is still in custody. *Id*. (citing *Brown*, 117 F.3d at 475). However, when the appellant has already filed one § 2255 motion and has not sought leave to file a successive motion, district courts should not construe an application for coram nobis as a § 2255 motion. *Id*. (citing *Garcia*, 181 F.3d at 1275).

In this case, Defendant is still in custody and has already filed a § 2255 motion. Therefore, he is not entitled to coram nobis relief. Furthermore, this Court is barred from construing Defendant's motion as a § 2255 motion because he has already filed a motion pursuant to § 2255, and the Eleventh Circuit has not authorized this Court to consider a second or successive § 2255 motion by Defendant. The writ may "not be used to circumvent the clear congressional directive embodied in the 'second or successive' provisions of § 2255." *United States v. Barrett*, 178 F.3d 34, 35 (1st Cir. 1999). This approach would undoubtedly defeat the intent of Congress in passing the AEDPA. *Id*.

### III. Conclusion

Thereon it is **ORDERED** that Defendant's Motion for Writ of Coram Nobis is **DENIED**.

**DONE AND ORDERED** at Orlando, Florida, this _20th_ day of March, 2008.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
pslc 3/20
Darrell Williams

6