**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

-vs-                                                                                    Case No. 6:01-cr-88-Orl-19KRS

**DARRELL WILLIAMS**
_____

**ORDER**

This case comes before the Court on the following:

1. Nunc Pro Tunc Motion Requesting Court to Vacate its March 17, 2004 Order Granting Forfeiture in Violation of Federal Rules of Criminal Procedure Rule 35(c)(5); and Rule 32.2(b)(3); and for Lack of Jurisdiction by Darrell Williams (Doc. No. 267, filed Jan. 6, 2010); and

2. Response to Defendant's Motion to Vacate March 17, 2004 Order of Forfeiture by the United States. (Doc. No. 269, filed Jan. 20, 2010.)

**Background**

On June 13, 2001, Darrell Williams ("Petitioner") was charged by information with bank fraud, money laundering, and possession with intent to distribute 500 grams or more of cocaine hydrochloride. (Doc. No. 68, filed June 13, 2008.) Petitioner entered into a written plea agreement in which he agreed to enter a plea of guilty on all counts and waive his right to appeal his sentence, directly or collaterally. (Doc. No. 76, filed June 13, 2001.)

The plea was accepted by District Court Judge John Antoon II on June 26, 2001. (Doc. No. 85.) Judge Antoon subsequently sentenced Petitioner to concurrent 135-month terms of imprisonment on each count, followed by a four-year term of supervised release. (Doc. No. 111, filed Sept. 27,

2001.)  At the sentencing hearing, the Court granted the Government's Motion for a Preliminary Order of Forfeiture as to the assets enumerated in Section 39 of the plea agreement.  (Doc. Nos. 103, 104, filed Sept. 26, 2001.)  The entry of the Preliminary Order was articulated at the hearing without objection.  (*Id.*)  On September 27, 2001, the Court entered a Judgment and Commitment Order which included the Preliminary Order of Forfeiture.  (Doc. No. 111.)

On September 17, 2002, the Government moved for a Final Order of Forfeiture as to the $48,465.00 in cash.  (Doc. No. 127.)  The Motion included an explanation as to the disposal of the other assets to which the Preliminary Order of Forfeiture had applied.  (*Id.*)  The Motion also provided information regarding published notification of the Preliminary Order of Forfeiture and asserted that no third-party petitions had been filed as to the cash.  (*Id.*)

On September 23, 2002, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  (Doc. No. 128.)  Petitioner argued three claims in his motion: two claims that he received ineffective assistance of counsel and one claim that the district court lacked jurisdiction to forfeit his property because it was not part of his sentence and was not included in the judgment.  (*Id.*)  On October 9, 2002, the Court reserved ruling on the Motion for a Final Order of Forfeiture as to the cash pending resolution of the forfeiture issue in the § 2255 Motion.  (Doc. No. 132.)  On March 17, 2004, after the § 2255 Motion had been denied and the relevant forfeiture ground had been disposed of, the Court entered the Final Order of Forfeiture as to the $48,465.00. (Doc. No. 154, filed Feb. 27, 2004; Doc. No. 156, filed Mar. 17, 2004.)

---

[1] The related civil case is 6:02-cv-1097-Orl-28KRS.

Petitioner appealed the denial of his § 2255 motion, and the Eleventh Circuit Court of Appeals granted Petitioner's request for a certificate of appealability on the issue of whether the appeal waiver prevented him from contesting his counsel's effectiveness at sentencing. (Doc. No. 162, filed June 14, 2004.) In a written, published opinion, the Eleventh Circuit affirmed the district court's decision holding that the "valid sentence-appeal waiver, entered into voluntarily and knowingly pursuant to [Petitioner's] plea agreement, precluded [Petitioner] from attempting to attack, in a collateral proceeding, [his] sentence through a claim of ineffective assistance of counsel during sentencing." (Doc. No. 187 at 2, filed May 5, 2005.)

On March 21, 2005, Petitioner filed a Motion for Specific Performance requesting the Court to compel the Government to file a substantial assistance motion on his behalf. (Doc. No. 176.) Petitioner argued that his guilty plea was involuntary and unknowing because he relied on the Government's promise that he would receive a substantial assistance motion, which the Government did not file. Judge Antoon denied Petitioner's Motion for Specific Performance. (Doc. No. 179, filed April 5, 2005.)

Subsequently, Petitioner filed an application with the Eleventh Circuit Court of Appeals seeking authorization to file a second or successive § 2255 motion. (Doc. No. 181, filed April 13, 2005.) Defendant sought to raise two unrelated grounds: (1) a violation of his Fifth and Sixth Amendment rights due to sentencing enhancements allegedly imposed in violation of *United States v. Booker*, 543 U.S. 220 (2005); and (2) "structural error" because the trial court deprived him of a jury determination of the facts supporting his sentence and imposed enhancements that were not proven to the jury beyond a reasonable doubt. (Doc. No. 198, filed Jan. 10, 2006.) The appellate

court denied the application because Petitioner had not met all of the statutory criteria outlined in § 2244(b)(2). (Doc. No. 202, filed Feb. 1, 2006.)

On December 14, 2005, Camille William, Omar Watson, Janet Bridley, and Ikeia East filed motions for the return of property or recovery of damages. (Doc. Nos. 191-94.) On February 2, 2006, Adrian Johns also filed a Motion for Return of Property. (Doc. No. 204.) Judge Antoon scheduled a hearing on these motions for February 10, 2006. (Doc. No. 209, Feb. 10, 2006.) Prior to the hearing, however, Judge Antoon recused himself after discovering that David Williams, Petitioner's twin brother, had named Judge Antoon as a debtor on UCC forms recorded in the public records. (Doc. No. 210, filed Feb. 2, 2006.) The U.S. Attorneys' Office subsequently filed an action for declaratory judgment to clear title to Judge Antoon's property. (Case No. 6:06-cv-00096-PCF-KRS.)

On February 13, 2006, the present case was reassigned to the undersigned Judge. (*See* Doc. No. 210.) An evidentiary hearing on the motions for return of property or recovery of damages was conducted on April 18-19, 2006. (Doc. Nos. 223-24, filed April 19, 2006.) The Motions were subsequently denied. (Doc. No. 228, filed June 2, 2006.)

On December 26, 2006, Petitioner filed a motion to modify his sentence based on the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). (Doc. No. 235, filed Dec. 26, 2006.) The Court denied Petitioner's motion, determining that Petitioner was attempting to raise a constitutional challenge for which § 3582 provided him no relief and his claim would be more appropriately raised in a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 236, filed Jan. 3, 2007.)

On January 12, 2007, Petitioner filed a motion requesting that the Court recuse itself from Petitioner's case pursuant to 28 U.S.C. § 455(a).[2] (Doc. No. 237.) As grounds for recusal, Petitioner argued that in light of his admission that he did not tell the truth during his plea proceeding and the Court's subsequent finding that his testimony at the evidentiary hearing was not credible, it would be in the interest of fairness for the Court to recuse itself from the case. (*Id.* at 2.) As a further basis for recusal, Petitioner argued that because the undersigned Judge is the same Judge who presided over David Williams' case, the Court knows of David Williams' attempt to file liens against Government employees and Petitioner therefore cannot receive fair treatment from the Court. (*Id.*) The Court denied the Motion, finding that Petitioner had failed to demonstrate any personal bias. (Doc. No. 238 at 4, filed Jan. 18, 2007.)

Petitioner next filed a Motion for Writ of Coram Nobis asserting that: (1) his appeal waiver should not be enforced because the government breached its plea agreement; (2) his counsel was ineffective; (3) he is entitled to a reduction in his sentence pursuant to Amendment 709 of the United States Sentencing Guidelines; and (4) his sentence violated the United States Supreme Court's ruling in *Apprendi v. New Jersey*, 530 U.S. 147 (2000). (Doc. No. 250, filed Feb. 28, 2008.) The Court denied the motion, determining that Petitioner was not entitled to coram nobis relief. (Doc. No. 252, filed March 20, 2008.) Petitioner subsequently filed several other motions seeking a reduction of his sentence. (Doc. No. 243, filed Jan. 4, 2008; Doc. No. 256, filed July 30, 2008; Doc. No. 258, filed August 8, 2008.) The Court denied these motions, finding that Petitioner had not been convicted of, or scored for, a crime involving crack cocaine. (Doc. Nos. 249, 257, 259.)

---

[2] The statute was incorrectly identified in the caption of Petitioner's motion as "29 U.S.C. § 455(a)." (Doc. No. 237.)

On January 6, 2010, Petitioner filed a second Motion requesting that the Court recuse itself from the case pursuant to 28 U.S.C. § 455(a). (Doc. No. 266.) As a basis for recusal, Petitioner argued that statements made by the undersigned Judge in a hearing on a motion for a preliminary injunction against Janet Bridley, Petitioner's mother, and David Williams, Petitioner's twin brother, raised questions of partiality. *Id.* at 2. (Case No. 6:06-cv-00096-Orl-19KRS, Doc. No. 35, filed Feb. 28, 2006.) The Court denied the Motion, finding that the contested statements would not lead a fully informed, objective, and disinterested lay observer to entertain significant doubt as to the undersigned Judge's impartiality. (Doc. No. 270, filed Jan. 26, 2010.)

Petitioner now brings a *nunc pro tunc* motion requesting that the Court vacate the Final Order of Forfeiture filed on March 17, 2004. (Doc. No. 267, filed Jan. 6, 2010.) Petitioner argues that the Judgment and Commitment Order was effectively amended when the Court entered the Final Order of Forfeiture. (*Id.*) Petitioner maintains that because the Judgment and Commitment Order was amended, he had a right to appeal the amended Order, a right the Government failed to notify him of in violation of Federal Rules of Criminal Procedure 32(c)(5) and 32.2(b)(3), as well as *United States v. Pease*, 331 F.3d 809, 812 n.10 (11th Cir. 2003). (*Id.*) Additionally, Petitioner asserts that the Court lacked jurisdiction to grant forfeiture on March 17, 2004 because it was entered three years after Petitioner was sentenced. (*Id.*) In response, the Government argues that the Final Order of Forfeiture did not amend the Judgment and Commitment Order because the Petitioner's interest in the $48,465.00 was terminated by the Preliminary Order of Forfeiture filed September 26, 2001. (Doc. No. 269, filed Jan. 20, 2010.) Thus, the Government maintains that the Petitioner lacks standing to challenge the granting of the Final Order of Forfeiture. (*Id.* at 5.)

## Analysis

*Nunc pro tunc* orders are generally used to correct ministerial or clerical errors. *United States v. Craft*, 105 F.3d 1123, 1128-29 (6th Cir. 1997) (citing Kentucky law). Case law under this legal concept has been more fully developed under state that under federal jurisprudence. For instance, under Florida law, a *nunc pro tunc* order is used "to correct a prior decree and is based upon matters that were before the court but which were not covered by the prior decree through some oversight or error." *Williamson v. Geneva, Inc.*, 550 So. 2d 8, 10 (Fla. 2d DCA 1989) (citing *Test v. State*, 87 So. 2d 587, 589 (Fla. 1956)) A *nunc pro tunc* order "is appropriate only when the record of the original proceedings is inaccurate or incomplete." *Williamson*, 550 So. 2d at 10. A *nunc pro tunc* order may not be used to create a new record, to enter a judgment never made, or to enter a judgment different from that actually rendered. *In re Riha's Estate*, 369 So. 2d 404, 404 (Fla. App. 1979); 47 Am. Jur. 2d Judgements § 838.

In the present case, Petitioner filed a *nunc pro tunc* motion requesting that the Court vacate the Final Order of Forfeiture. (Doc. No. 267.) Petitioner contends that the Government's failure to notify him of his right to appeal violated Federal Rules of Criminal Procedure 32(c)(5) and 32.2(b)(3), as well as *United States v. Pease*, 331 F.3d 809, 812 n.10 (11th Cir. 2003). (*Id*.) Additionally, Petitioner asserts that the Court lacked jurisdiction to issue the Final Order of Forfeiture because it was entered three years after Petitioner was sentenced. (*Id*.) Petitioner therefore does not seek to correct an inaccurate or incomplete record of the original proceedings, nor does Petitioner seek to supply a record of something actually done. Instead, Petitioner seeks to vacate a previously entered order on substantive grounds. Such relief is not available in a *nunc pro tunc* order. *See, e.g., Hunter v. Hunter*, 487 So.2d 1160, 1161 (Fla. 5th DCA 1986) ("[T]he divestment of jurisdiction is a change

in substance, and not merely a correction of an omission, and thus is not within the realm of the *nunc pro tunc* order.")

Furthermore, the Preliminary Order of Forfeiture was final as to the Petitioner's rights in the $48,465.00.[3] *United States v. Gross*, 213 F.3d 599, 599 (11th Cir. 2000) (holding that the preliminary order of forfeiture was final and appealable because the preliminary order finally determined the defendant's rights in the forfeited property). While the Court reserved ruling on the Government's Motion for Issuance of a Final Order of Forfeiture as to the $48,465.00 in order to resolve all third-party rights, Petitioner's interest in the assets was extinguished by the Preliminary Order of Forfeiture. Thus, Petitioner lacks standing to challenge the issuance of the Final Order.[4] In addition, the Final Order of Forfeiture did not serve to amend the Preliminary Order of Forfeiture as to the Petitioner and therefore did not serve to amend the Judgment and Commitment Order. Thus, Petitioner was not

---

[3] The Preliminary Order of Forfeiture explicitly states that the Preliminary Order is "a final order of forfeiture as to the Defendant Darrell Williams' rights, titles, and interests" in the $48,465.00 in cash. (Doc. No. 104 at 1.)

[4] Petitioner further argues that the Court lacked jurisdiction to issue the Final Order of Forfeiture because it was entered three years after the Petitioner was sentenced. However, the Preliminary Order of Forfeiture, which extinguished the Petitioner's rights in the $48,465.00, was entered at the time of sentencing and was therefore within the jurisdiction of the Court. *See* Fed. R. Crim. P. 32(k). The Final Order of Forfeiture was entered following ancillary proceedings to adjudicate third-party rights in the forfeited assets and did not alter the Petitioner's rights in the assets. *See* Fed. R. Crim. P. 32.2(c)(2).

entitled to an appeal under the Federal Rules of Criminal Procedure Rule 32(c)(5) (2001).[5] Accordingly, Petitioner's *nunc pro tunc* Motion will be denied.

## Conclusion

Based on the foregoing, the Nunc Pro Tunc Motion Requesting Court to Vacate its March 17, 2004 Order Granting Forfeiture in Violation of Federal Rules of Criminal Procedure Rule 35(c)(5); and Rule 32.2(b)(3); and for Lack of Jurisdiction by Darrell Williams (Doc. No. 267, filed Jan. 6, 2010) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this 4th day of February, 2010.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

---

[5] Petitioner cites *United States v. Pease*, 331 F.3d 809 (11th Cir. 2003) for the proposition that a defendant has a right to appeal an amended Judgment and Commitment order. However, as discussed previously, the Final Order of Forfeiture did not serve to amend the Judgment and Commitment Order. Further, in *Pease*, the court failed to make the preliminary order of forfeiture a part of its judgment. Therefore, the entry of the *preliminary* order did in fact amend the Judgment and Commitment Order. Here, the Preliminary Order of Forfeiture was entered at the time of sentencing and was included in the Judgment and Commitment Order.

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
DARRELL WILLIAMS
CAMILLE TRUDIS-WATSON
Isabel Watson